Vast Vookhis, J. (dissenting).
There is no substantial distinction, in my view, between this case and People v. Riela (7 N Y 2d 571). There it was held that a defendant cannot be convicted of 17 separate crimes of criminal contempt as a consequence of his declining to answer 17 questions about the same subject. It *212 makes little difference whether a person is asked the same or related questions 17 times on one day, or on 17 different days. In each instance he should be found guilty of but a single criminal contempt. Otherwise, it will be possible on successive identical charges to incarcerate a man permanently unless he answers his interrogators in a manner satisfactory to the District Attorney or the court. I do not condone the apparent recalcitrance of this witness nor doubt the good faith and devotion to duty of the District Attorney. Nevertheless, if the power is upheld in one case, it can be abused in other cases. The charge is that this man’s answers were willfully and transparently false. This may have justified his original punishment for contempt, but there comes a time when fundamental liberties require that he should be entitled to defend himself in a trial for perjury instead of summarily being kept in prison indefinitely for what is essentially the same offense. Many methods have been devised at different times and places to compel persons to talk and to give the answers which their interrogators desire from them. Inquisitions doubtless aid in the discovery and prosecution of crime, but there comes a point where they must stop. I think that we have reached it here.
Judges Dye, Fuld, Burke, Foster and Scileppi concur with Chief Judge Desmond ; Judge Van Voorhis dissents in an opinion.
Order affirmed.